IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY W. SPENCER,

    Petitioner,        No. CIV S-05-1319 FCD GGH P

  vs.

JEANNE WOODFORD, et al.,

    Respondents.      FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner filed this action on June 30, 2005.

        Petitioner challenges a December 28, 2003, prison disciplinary conviction for leaving work without permission. As punishment, petitioner was confined to quarters for five days. After reviewing the record, the court is concerned that it does not have jurisdiction to consider petitioner's habeas petition. See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004) (court is obligated to consider sua sponte whether it has subject matter jurisdiction).

/////

/////

/////

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-491, 109 S. Ct. at 1925. This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973).

The United States Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. Indeed, [the Supreme Court's] decision in Carafas v. LaVallee . . . strongly implied the contrary." Maleng, 490 U.S. at 491, 109 S. Ct. at 1925. In other words, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492, 109 S. Ct. At 1926.

When petitioner filed this action, he was no longer in custody as to the at-issue disciplinary conviction. Petitioner was no longer serving any sentence or suffering from any punishment related to the conviction when he filed this action. Therefore, the court does not have jurisdiction to consider this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations." Petitioner is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).
4  DATED: 8/10/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kj
spen1319.157

3